UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20677-ALTMAN/Hunt

**GUY LEWIS and MICHAEL TEIN,**
**Plaintiffs,**

v.

**ALLIED WORLD SPECIALTY INSURANCE COMPANY,**
**Defendant.**
_____/

**ALLIED WORLD'S REPLY BRIEF IN SUPPORT OF
CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant, Allied World Specialty Insurance Company ("Allied World"), hereby submits its Reply Brief in support of its Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Cross Motion"), seeking a judgment, as a matter of law, that the "claims made" Lawyers Professional Liability Insurance policy issued by Allied World (the "Policy") does not provide coverage to Plaintiffs for the consent judgment they obtained against Allied World's insureds in the Underlying Action.

**INTRODUCTION**

In their opposition to Allied World's Cross Motion, Plaintiffs ignore fundamental concepts of insurance contract interpretation to try to craft an argument that, taken to its logical conclusion, would suggest that an insurer could never rely on a clear and unambiguous exclusion to deny indemnity coverage under a liability policy. Plaintiffs assert that the Policy's insuring agreement provides defense and indemnity coverage, and as such, Allied World cannot rely on the exclusion for knowing and intentional conduct that precludes coverage *only after there has been a finding, admission or final adjudication of such intentional conduct* because the application of the exclusion precludes indemnity coverage. Plaintiffs' argument is, of course, antithetical to how

exclusions work. They, by definition, carve out from the Policy coverage that otherwise would exist. Here, it is significant that the exclusion only applies if there is a finding, admission or final adjudication of intentional conduct. Without such a determination of intentionality, the exclusion does not preclude defense *or indemnity* coverage for claims alleging intentional torts like the one alleged in the Underlying Action. As such, application of the exclusion does not make the coverage illusory.

This matter has its roots in a 2013 Bar Complaint filed by the Plaintiffs against Jose M. "Pepe" Herrera (the "Insured") alleging that Mr. Herrera and other attorneys "knowingly advanced false claims against attorneys Guy Lewis and Michael Tein, and the law firm of Lewis Tein PL." Allied World provided coverage to the Insured until the Florida Bar Referee specifically found that the Insured's conduct was knowing and intentional, therefore triggering the intentional conduct exclusion. As such, Plaintiff's suggestion that the intentional conduct exclusion completely removes coverage and is therefore illusory simply fails. Allied World provided a defense under the insuring agreement until the condition in the exclusion was met. Thus, the exclusion at issue does not *completely contradict* the insuring provision, there is nothing illusory about the coverage provided by the Policy, and Allied World did not improperly rely on the intentional conduct exclusion to deny coverage with respect to the Underlying Action.

Further, there is no coverage because the Insured did not provide Allied World with the appropriate "notice of circumstances" during the term of any Allied World's Policy, and the Underlying Action does not "relate back" to an earlier "Claim" as defined by the clear Policy language. As such, the Plaintiffs, as assignees of the Insured, cannot meet their burden of demonstrating that the Insured timely reported a Claim or notice of circumstance under the Policy. The fact that Allied World was aware of the Disciplinary Proceeding does not change this result, nor does the Florida Claims Administrative Statute, which does not apply to notice issues under

claims made policies.

For the reasons discussed in Allied World's Cross Motion and further explained herein, Allied World respectfully submits that it is entitled to summary judgment.

## ARGUMENT

**I.     Coverage Is Excluded Under The Unambiguous Terms Of The Policy.**

The Policy provides coverage for amounts "that an Insured becomes legally obligated to pay as Damages and Claim Expenses because of a Claim arising out of a Wrongful Act." SOMF ¶ 2. Wrongful Act is defined to mean "an actual or alleged Personal Injury committed by any Insured, solely in the performance of or failure to perform Legal Services . . . ." SOMF ¶ 4. "Personal Injury" is defined to include "malicious prosecution or abuse of process, when insurable under the law pursuant to which this Policy shall be construed." SOMF ¶ 5. However, coming within the Insuring Agreement is "only the first step in determining whether the damages are covered." *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So.2d 871, 888 (Fla. 2007).

Even if the insuring agreement is met, "coverage provided by the insuring agreement may be precluded by an exclusion." *Id. See also Khatib v. Old Dominion Ins. Co.*, 153 So.3d 943, 945 (Fla. 1st DCA 2015) (noting that the insurance agreement at issue provided coverage "subject, of course, to the working of any policy exclusion"). It is a basic rule of contractual interpretation that exclusions take away coverage that would otherwise be granted. *See Addison Ins. Co. v. Fay*, 905 N.E. 2d 747, 752 (Ill. 2009) (noting that once insured establishes that a loss falls within coverage terms of an insurance policy, the insurer may then prove that a limitation or exclusion applies); *State Farm Mut. Auto. Ins. Co. v. Pridgen*, 498 So.2d 1245, 1248 (Fla. 1986) (same).

Here, the applicable exclusion explicitly precludes coverage for:

> any Claim or Disciplinary Proceeding based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part:

3

> 1. any intentional, criminal, fraudulent, malicious or dishonest act or omission by or at the direction of an Insured;
>
> provided, however, that this Exclusion shall not apply unless there has been a finding, admission, or final adjudication, in a proceeding constituting the Claim or in a proceeding separate from or collateral to the Claim.

SOMF ¶ 8. This exclusion was triggered by Judge Tunis's findings that the Insured engaged in intentional, fraudulent, or dishonest acts, and coverage is therefore barred for Plaintiffs' claims.

Significantly, as indicated, Allied World did not deny coverage because the Underlying Action *alleged* uninsurable intentional conduct. Rather, Allied World provided coverage until there was a *finding* by Judge Tunis that the Insured engaged in intentional, fraudulent, or dishonest acts. Therefore, as explained in Allied World's Cross Motion, the Policy's coverage is not illusory, and the cases Plaintiffs rely upon to assert that the Policy is ambiguous do not apply here.

Plaintiffs' only response to the reality of the limitations to the coverage provided under the Policy is an attempt to parse the Insuring Agreement into separate coverages – one for defense and one for indemnity – and contend that the exclusion is illusory because there is no indemnity coverage for the Underlying Action. Plaintiffs' argument, while creative, is not supported by any case law and runs afoul of the plain language of the Policy and case law that regularly enforces such exclusions. *Westport Ins. Corp. v. Law Offices of Gerald J. Lindor, P.A.*, No. 08-61644-CIV, 2009 WL 722254, at *2 (S.D. Fla. Mar. 18, 2009) (citing *Estate of Bombolis v. Continental Cas. Co.*, 740 So.2d 1229 (Fla. 4th DCA 1999); *Old Republic Ins. Co. v. W. Flagler Assocs.*, 419 So.2d 1174, 1175 (Fla. 3d DCA 1982)) ("Florida courts have consistently found that similar exclusions based on fraudulent, dishonest, intentional or criminal acts [are] valid [and] enforceable.").

*Purrelli v. State Farm Fire & Casualty Co.*, on which Plaintiffs rely, stands for the proposition that "[w]hen limitations or exclusions *completely contradict* the insuring provisions, insurance coverage becomes illusory." 698 So. 2d 618, 620 (Fla. 2d DCA 1997) (emphasis added).

4

Here, the intentional conduct exclusion did not *completely contradict* the coverage provided by the Policy because it is undisputed that Allied World provided coverage until the finding of intentional conduct.[1]  Accordingly, the cases cited by Plaintiffs do not apply because the intentional conduct exclusion does not swallow up coverage for clams involving intentional torts; it applies only when there has been a finding, admission or final adjudication of intentional conduct.  *See Warwick Corp. v. Turetsky*, 227 So. 3d 621, 626 (Fla. 4th DCA 2017) (finding that while limitations for triggering coverage were "significant," they did not "render the policy absurd or completely contradict the insuring provisions"); *Klohr v. Mid-Continent Excess & Surplus Ins. Co.*, No. 9:18-CV-80761, 2019WL1859245, at *5 (S.D. Fla. Apr. 25, 2019) (finding that *Purrelli* is inapposite where there are not provisions in the Policy that are directly contradictory such that the Policy would be rendered illusory).

In sum, the coverage provided under the Policy for claims for Personal Injury is not absolute, and it is not completely contradicted by the intentional conduct exclusion.  The coverage is limited only to claims insurable under law, which is consistent with the exclusion that then removes coverage when there is a finding, admission or final adjudication that the alleged wrongful conduct was, in fact, intentional, fraudulent, or dishonest.  *See Griffin Brothers Co. Inc. v. Mohammed*, 918 So.2d 425 (Fla. 4th DCA, 2006) ("Florida courts have long held that the public policy of this state prohibits an insured from being indemnified from a loss resulting from its own true intentional acts.").  Because the Policy provided coverage until there was a finding triggering the exclusion, the exclusion does not completely contradict the insuring agreement, and the coverage afforded under the Policy is not illusory.  *See Colony Ins. Co. v. Contracting & Roofing,*

---

[1] It is worth noting that if there were, for example, a settlement of a Claim arising out of a Wrongful Act involving an intentional tort like malicious prosecution or abuse of process before any finding, admission or final adjudication that the alleged wrongful conduct was, in fact, intentional, fraudulent, or dishonest, the exclusion would not apply to defense *or indemnity* coverage.

*Inc.*, No. 10-23091-CIV, 2011 WL 4962351 (S.D. Fla. Oct. 18, 2011) (finding *Purrelli* inapplicable where the exclusion at issue does not completely contradict the insuring provisions).

**II.      There Is No Coverage For The Underlying Action Because The Claim Was Not First Made And Reported During Any Policy Period.**

As assignees of the Insured's rights under the Policy, the Plaintiffs stand in the Insured's shoes.  *JPJ Companies, LLC v. National Fire & Marine Ins. Co.*, No. 19-14200-CIV, 2019WL5260286, at *2 (S.D. Fla. Aug. 13, 2019).  As such, they have the burden of demonstrating their claim is covered by the Policy.  *Eddy v. Continental Casualty Co.*, 784 F. Supp. 2d 1331, 1337 (M.D. Fla. 2011).  As explained in Allied World's Cross Motion, the claim was not first made during the Policy.  Therefore, there is only coverage for the Underlying Action if the Underlying Action could relate back to an earlier Claim, as defined in the Policy, *and* the Insured timely notified Allied World of the circumstances giving rise to the Claim in accordance with the notice requirements of the Policy. Neither requirement is satisfied here so Plaintiffs cannot meet their burden of demonstrating coverage.  In response to these undisputed facts, Plaintiffs assert that coverage should apply because Allied World was aware of the Bar Complaint, and Plaintiffs argue that Allied World has waived this defense.  Plaintiffs' arguments fail.

First, the Insured was indisputably aware of Wrongful Acts that could give rise to a potential Claim in July 2013 when the Bar Complaint was filed against him, but the Insured did not notify Allied World of the circumstances that could give rise to a Claim until October 2014, *after* the expiration of the Policy Period during which he became aware of the circumstances that could give rise to a Claim. The Insured thus did not notify Allied World "as soon as practicable and no later than the termination of the policy period" of the circumstances that could give rise to a potential Claim. Indeed, Allied World specifically notified the Insured of his deficiencies, telling him that the Notice of Disciplinary Proceeding was not timely reported when it commenced during

6

the term of the October 15, 2012 to October 15, 2013 Policy Period, and advising that the Notice of Disciplinary Proceeding did not meet the notice requirements specified in the Policy. The fact that Allied World was aware of the facts and did not initially deny coverage on this basis does not preclude it from asserting this deficiency now. Plaintiffs can cite no fact or law to overcomes the undisputed fact that the Insured did not comply with the notice provisions of the Policy.

Second, Plaintiffs cannot overcome the Insured's defective notice under the Policy by citing the Florida Claims Administration Statute, Fla. Stat. § 627.426(2). The statute provides that "[a] liability insurer shall not be permitted to deny coverage based on a particular coverage defense" unless it provides notice of the coverage defense in a reservation of rights letter within 30 days after the liability insurer knew or should have known of the coverage defense. *Id.* Florida courts have held that a "coverage defense" is a defense to coverage that otherwise exists. *Jennings Const. Services Corp. v. Ace American Ins. Co.*, No. 6:10-cv-1671-Orl-28KRS, 2012 WL 85180, at *2 (M.D. Fla. Jan. 11, 2012). However, failure to provide notice that would trigger coverage under a claims made policy like the Policy at issue is not a coverage defense because, if there is not proper notice triggering coverage under a claims made policy, there was no coverage in the first instance. As such, the Claims Administration Statute does not operate to prevent Allied World from asserting that there is no coverage because the Insured did not provide the notice required to trigger the claims made coverage.

> In a claims-made-and-reported policy, by the very terms of the policy, there is no coverage for claims reported outside the coverage period. Accordingly, a defense that a claim was reported outside the coverage period of a claims-made-and-reported policy is not a "coverage defense" and is not precluded by a failure to comply with section 627.426. *See AIU Ins. Co. v. Block Marina Invest. Inc.,* 544 So.2d 998, 999–1000 (Fla.1989) (noting that there is "no distinction" between a case where the policy term had expired and one where "the lack of coverage was due to an express policy exclusion" and holding that an insurer's "failure to comply with the requirements of [section 627.426] will not bar an insurer from disclaiming liability where a policy or endorsement has expired or where the coverage sought is expressly excluded or otherwise unavailable under the policy or under existing

7

law"); *Country Manors [Assoc. v. Master Antenna Sys., Inc.,* 534 So.2d 1187, 1193–95 (Fla. 4th DCA 1988)] (holding that the insurer's defense that the claim was reported prior to the start of the claims made-and-reported policy period was not a coverage defense) *cited with approval in* AIU Ins., 544 So.2d at 1000.; *U.S. Fid. & Guar. Co. [v. American Fire and Indem. Co.,* 511 So.2d 624, 626–28 (Fla. 5th DCA 1987)] (holding that insurer's defense that the claim was reported after the "claims-made" policy period terminated was not a "coverage defense" and that therefore section 627.426 did not apply), *cited with approval in AIU Ins.,* 544 So.2d at 999–1000.

*Jennings Const. Servs. Corp. v. Ace Am. Ins. Co.*, No. 6:10-CV-1671-ORL-28, 2012 WL 85180, at *2 (M.D. Fla. Jan. 11, 2012), *aff'd,* 472 F. App'x 906 (11th Cir. 2012).

Thus, because the Insured failed to provide the notice necessary to trigger coverage under any of Allied World's policies, Plaintiffs cannot meet their burden of demonstrating coverage for the Underlying Action.

## **CONCLUSION**

As explained in more detail in Allied World's Cross Motion, the Allied World Policy does not provide coverage for the Underlying Action.

First, the Allied World Policy is not ambiguous or illusory. The Policy coverage for Personal Injury, including for abuse of process and malicious prosecution, is not absolute. Florida law has long recognized that one should not be able to insure against one's own intentional conduct. Moreover, the Policy's exclusion for intentional conduct is not inconsistent with and does not "swallow up" the grant of coverage. Rather, coverage was provided until the Bar Referee's finding of the Insured's intentional and malicious conduct triggered the exclusion. As such, Plaintiffs' argument that the exclusion completely contradicts coverage fails.

Second, Plaintiffs, as the insured's assignees, cannot meet their burden of triggering coverage under the Policy because they have failed to establish that the claim was timely reported. The lack of timely notice of a potential Claim defeats coverage. Further, the Plaintiffs' lawsuit against the Insured does not "relate back" to a "Claim" that was submitted during an earlier policy

8

period. The Plaintiffs' complaint to The Florida Bar is defined as a Disciplinary Proceeding and the Policy specifically states that a Disciplinary Proceeding not a Claim. Therefore, there is no previous Claim to which the Plaintiffs' lawsuit can relate back. The Plaintiffs cannot avoid this deficiency by relying on the Claims Administration Statute because that statute only bars defenses to coverage that otherwise exists. Here, coverage under the claims made Policy was not triggered in the first instance.

Accordingly, Allied World respectfully submits that the Court should deny Plaintiffs' Motion for Partial Summary Judgment and grant Allied World's Cross Motion for Summary Judgment on the issue of coverage.

This 18th day of June, 2021.

Respectfully submitted,

*/s/ Heidi Hudson Raschke*
Steven J. Brodie (FL Bar # 333069)
sbrodie@carltonfields.com
J. Kent Crocker (FL Bar # 110344)
kcrocker@carltonfields.com
Carlton Fields, P.A.
2 MiamiCentral
700 Northwest 1st Avenue, Suite 1200
Miami, FL 33136
Telephone (305) 530-0050
Facsimile (305) 530-0055
Heidi Hudson Raschke (FL Bar # 61183)
hraschke@carltonfields.com
Carlton Fields, P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607
Telephone (813) 223-7000
Facsimile (813) 229-4133

*Attorneys for Allied World Specialty Insurance Company*

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I HEREBY CERTIFY that, on June 18, 2021, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record on the below Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Heidi Hudson Raschke
Heidi Hudson Raschke

**SERVICE LIST**

Curtis B. Miner
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Tel: (305) 476-7400
Fax: (305) 476-7444
E-mail: curt@colson.com

*Attorney for Plaintiffs Guy Lewis and Michael Tein*